**Richmond**

CLAYTON MINOR

v.

COMMONWEALTH OF VIRGINIA

No. 0949-92-2

Decided July 27, 1993

Counsel

Richard W. Arnold, Jr., for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his conviction of distribution of cocaine, Clayton Minor contends that the trial court erred in denying his

motion to reopen the case for presentation of additional evidence. We find no error and affirm the judgment of the trial court.

On April 11, 1991, Special Agent Choate and Investigator Harper fitted an informant, Nancy Wilburn, with a body transmitter. Ms. Wilburn then met another informant, Patricia Harlow, at the Zions Crossroads Restaurant. The two women met Choate and Harper, who searched them and Ms. Wilburn's truck to ensure that neither the women nor the truck carried contraband. The officers then gave Ms. Wilburn $150, and the two women left for the Zions Crossroads Motel.

When Ms. Wilburn and Ms. Harlow arrived at the motel, Minor approached and asked what ''quantity of drugs'' they wanted. Ms. Wilburn stated that she had $150 to spend. In return, Minor handed Ms. Harlow five ''zip-lock baggies'' containing crack cocaine. He told them not to buy drugs from Henry Carter. He said that he could handle anything and any weight they needed. He also said that he could sell them an ounce of crack cocaine for $1,300. The two women returned to the two officers and gave them the ''baggies'' of crack cocaine.

The trial court imposed a rule excluding witnesses and forbidding them from discussing the case prior to their testimony.

Minor testified that on the evening of April 11, 1991, he attended a cookout in Charlottesville with his identical twin brother, Clinton, and Clinton's girlfriend, Annette Brock. After picking up his girlfriend, Quandra Trent, he joined Clinton at Max's in Charlottesville. Minor admitted a previous conviction for cocaine distribution.

Clinton testified that Minor was with him in Charlottesville and that neither of them was in Zions Crossroads on the evening of April 11. Both Ms. Brock and Ms. Trent testified that Minor was in Charlottesville on the evening of April 11.

Patricia Harlow testified that she had seen Minor at least fifty times in the restaurant where she worked, speaking to him each time, and that she could distinguish him from Clinton. She identified Minor as the man who gave her the baggies of crack cocaine on the night of April 11, 1991.

After the presentation of the Commonwealth's evidence in chief, the defense's evidence, and the Commonwealth's rebuttal evidence,

defense counsel informed the court that the defense had no evidence in surrebuttal. The trial judge then released the witnesses and ordered a thirty-minute recess for counsel to consider jury instructions. During the recess, defense counsel told the court that Minor had informed him that, during the break, Clinton "made an unsolicited comment [to Minor] that [Clinton] had committed this offense." Defense counsel moved to reopen the case to call Clinton to the stand. The Commonwealth replied that it had already excused its witnesses. The trial court denied this motion and refused to receive evidence in support of it. It noted that Clinton had testified, that his recall would be a violation of the court's rule excluding witnesses, and that the evidentiary stage of the trial had ended.

■ Whether to reopen a case lies within the sound discretion of the trial judge. *Mundy v. Commonwealth*, 161 Va. 1049, 171 S.E. 691, (1933).

> When all the testimony in the trial of a case has been concluded and the witnesses for the respective parties have been excused from their attendance upon court, whether the court will allow the introduction of other testimony is a question addressed to the sound discretion of the trial judge, ". . . and unless it affirmatively appears that this discretion has been abused this court will not disturb the trial court's ruling thereon."

*Id.* at 1064, 171 S.E. at 696 (citation omitted). Minor asks us to reverse this rule. We cannot overrule Supreme Court precedent. *Roane v. Roane*, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991). Furthermore, we have heretofore followed this rule as the standard of review on the issue of reopening a case. *Williams v. Commonwealth*, 4 Va. App. 53, 77, 354 S.E.2d 79, 92-93 (1987).

Minor next argues that the trial court abused its discretion in denying his motion to reopen. He argues that most of the witnesses were still present and that the judge could have received the evidence without disrupting the trial.

We find no abuse of discretion in the trial court's denial of Minor's motion to reopen the case. The parties had rested and had excused their witnesses. The Commonwealth could not have rebutted the proffered additional testimony. Defense counsel had not himself talked to Clinton. Therefore, he could not vouch Clinton's testimony to the court. Clinton had testified unequivocally that he was with Minor in

Charlottesville on the evening of April 11. Ms. Brock and Ms. Trent corroborated this. Ms. Harlow testified firmly and without contradiction that she had talked with Minor at least fifty times prior to the transaction on April 11, 1991, and that she knew him from Clinton. She had ample opportunity to identify the man who handed her the drugs and she identified Minor as that person. Finally, reopening the case and permitting testimony under the circumstances underlying Minor's motion would have been contrary to the trial court's rule on witnesses.

The judgment of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Elder, J., concurred.