Present: Carrico, C.J., Lacy, Hassell, Koontz, Kinser, and
Lemons, JJ., and Compton, S.J.

JUDICIAL INQUIRY AND REVIEW
COMMISSION OF VIRGINIA

v. Record No. 020696  OPINION BY JUSTICE CYNTHIA D. KINSER
SEPTEMBER 13, 2002
WOODROW LEWIS, JR., JUDGE
OF THE SECOND JUDICIAL DISTRICT


This case arises from a complaint filed by the Judicial Inquiry and Review Commission of Virginia against Woodrow Lewis, Jr., judge of the Second Judicial District. In the complaint, the Commission alleges that there are well-founded grounds of sufficient gravity to warrant the censure of Judge Lewis in that Judge Lewis enforced an order that he knew had been stayed by the Circuit Court of the City of Virginia Beach.

The Judicial Inquiry and Review Commission was created to investigate charges that, if true, would warrant the retirement, removal, or censure of a judge. Va. Const. art. VI, § 10; Code § 17.1-902. When the Commission concludes, after investigation, that such a charge is well-founded, it may file a formal complaint, resulting in a hearing before this Court. Id. If this Court "finds that the judge has engaged in misconduct while in office, or . . . has persistently failed to perform the duties of [the] office, or . . . has engaged in conduct prejudicial to the

proper administration of justice, it shall censure [the judge] or shall remove [the judge] from office." Va. Const. art. VI, § 10.

The Commission conducted a hearing on February 12, 2002, at which Judge Lewis was present and represented by counsel. The following recited facts were undisputed at the hearing.* Judge Lewis, sitting as judge of the City of Virginia Beach Juvenile and Domestic Relations District Court, entered an order on October 3, 2001, requiring Albert Valery to surrender custody of his two children to their mother no later than 3:00 p.m. on that date. Judge Lewis denied the request of the children's guardian ad litem for a stay of his order pending an appeal to the Circuit Court of the City of Virginia Beach.

Mr. Valery did not surrender custody of his children at 3:00 p.m. as ordered. Instead, Mr. Valery brought the children to a circuit court hearing at 4:00 p.m. that day. At the conclusion of that hearing, the circuit court stayed Judge Lewis' order pending a hearing scheduled for the afternoon of October 5.

On October 4, at the request of the children's mother,

---

* Likewise, at the hearing before this Court, counsel for Judge Lewis agreed that the factual findings of the Commission are undisputed.

a deputy clerk of the juvenile court issued a criminal show cause summons against Mr. Valery, based upon his failure to comply with Judge Lewis' October 3rd order. The show cause hearing was scheduled for the morning of October 5.

At the show cause hearing, Mr. Valery's counsel presented Judge Lewis with a certified copy of the circuit court's stay order. Judge Lewis proceeded with the show cause hearing, found Mr. Valery in willful contempt of the October 3rd order, sentenced him to ten days in jail, and ordered that he be held without bond. Judge Lewis entered a contempt order styled "Certificate of Conviction," which stated that Mr. Valery could purge the contempt and be released from jail upon his surrender of the children to their mother. Judge Lewis' order made no mention of the circuit court's stay order. Mr. Valery was taken into custody and remained there until the circuit court dismissed the show cause summons later that afternoon.

Based upon these factual findings, the Commission concluded that Judge Lewis had violated Canons 1, 2, 2A, and 3B(2) of the Canons of Judicial Conduct for the State of Virginia and subsequently filed its formal complaint with this Court. The portions of the Canons referenced in the complaint provide:

3

Canon 1

A Judge Shall Uphold
the Integrity and Independence
of the Judiciary.

A. An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of these Canons are to be construed and applied to further that objective.

Canon 2

A Judge Shall Avoid Impropriety
and the Appearance of Impropriety
in All the Judge's Activities.

A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 3

A Judge Shall Perform
the Duties of Judicial Office
Impartially and Diligently.

\*     \*     \*

B.(2) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor or fear of criticism.

In conducting the hearing on the formal complaint filed by the Commission, this Court considers the evidence and makes factual determinations de novo. Commission v. Hoback, Record No. 911562 (Jan. 10, 1992). The Commission

4

must prove its charges in this Court by clear and convincing evidence.  Id.  The term "clear and convincing evidence" has been defined as

> that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.  It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.  It does not mean clear and unequivocal.

Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (quoting Cross v. Ledford, 120 N.E.2d 118, 123 (Ohio 1954)).

It is undisputed that the circuit court did not stay Judge Lewis' order until after the 3:00 p.m. deadline had passed without Mr. Valery's compliance with that order.  Nevertheless, the issue we confront is not whether Judge Lewis had the authority to hold Mr. Valery in contempt for his failure to comply with an order that was ultimately stayed or whether a finding of contempt was appropriate given the circumstances of this case.  Instead, our concern is focused on Judge Lewis' inclusion of the purge clause in his "Certificate of Conviction," providing for Mr. Valery's release from confinement if he surrendered the children as Judge Lewis had previously ordered.

5

Judge Lewis has conceded that, prior to entering the contempt order, he had been provided with a certified copy of the circuit court's stay order.  He testified at the hearing before the Commission that including the purge clause in the contempt order was "[his] idea."  Judge Lewis further testified that "when there has been a subsequent Order by a higher court, . . . normally nothing that is done by the higher court usually deprives the lower court of the obligation or the opportunity to enforce its own Orders."  Although Judge Lewis stated that this was his first experience on the bench with a stay of one of his orders, he made no attempt to explain the inclusion of the purge clause as a mere mistake of law on his part.  Instead, he testified that when a party obtains a stay of an order, "the fact that they're asking the Court to not compel their performance does not mean that they're not free to perform."

From Judge Lewis' own testimony, we find clear and convincing evidence that, in providing for the purge of contempt and Mr. Valery's release from confinement upon his surrender of the children to their mother, Judge Lewis deliberately, and with knowledge of the circuit court's stay, attempted to enforce his October 3rd order.  Although Judge Lewis acknowledged that Mr. Valery was free to

6

surrender or not to surrender the children once the circuit court stayed his order, the effect of the purge clause was to coerce Mr. Valery to perform the very action that had been stayed by the circuit court. Thus, Judge Lewis' inclusion of the purge clause in his contempt order can only be construed as directly contrary to, and in disregard of, the circuit court's stay order, and as a violation of the Canons previously cited.

Public confidence in the judiciary and the administration of our legal system depends upon faithful adherence to the law, an essential part of which is embodied in the judgments and rulings of higher courts. Courts cannot reasonably expect citizens to comply with their orders if the courts themselves do not yield to the orders of higher courts. Thus, we find clear and convincing evidence that Judge Lewis engaged in the conduct set forth in the formal complaint filed by the Commission, and that such conduct was prejudicial to the proper administration of justice, thereby warranting censure.

Accordingly, we order that Judge Lewis be, and he hereby is, censured for engaging in "conduct prejudicial to the proper administration of justice." Va. Const. art. VI, § 10; Code § 17.1-906.