COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


CASSANDRA DIANE KOCHER

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0057-08-2          JUDGE RUDOLPH BUMGARDNER, III
                                                    MARCH 17, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John R. Alderman, Judge

(Steven M. Marks, on brief), for appellant.  Appellant submitting on
brief.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Cassandra Diane Kocher appeals convictions of grand larceny and uttering a forged check.

She challenges the sufficiency of the evidence and contends the trial court disregarded her evidence.

She also contends the trial court erred by denying her motion to reopen the case.  Finding no error,

we affirm the defendant's convictions.

We examine the evidence in the light most favorable to the Commonwealth, granting to it

all reasonable inferences fairly deducible.  See Haskins v. Commonwealth, 31 Va. App. 145,

149-50, 521 S.E.2d 777, 779 (1999).  The defendant and her husband, Robert Kocher, separated

in October 2004.  After she had moved out of the marital residence, the husband found a number

of financial documents hidden in the attic.  Among the documents was a Form 1099 indicating

he had received funds in the settlement of a class action lawsuit against his former employer.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The husband obtained a copy of the check. It was dated May 14, 1999, payable to Robert H. Kocher, Sr., in the amount of $1,379.90, and issued by the Collins Class Action Settlement Board. The check had been endorsed with the husband's name, followed by the defendant's name, and a bank account number. The check was presented to Wachovia Bank on May 14, 1999 and $1,379.90 was deposited to the defendant's personal account.

The husband testified the endorsement on the back of the check was not his and he had not given anyone permission to sign his name to the check. He further stated that, prior to finding the documents in the attic, he did not know the settlement check had arrived at the residence.

The defendant testified that the check had been mailed to the marital residence. She signed her husband's name to the check and deposited it into her bank account. She claimed that she had his permission to get cash to buy groceries for a family vacation. However, she deposited the entire check to her personal account, and she admitted that she received no cash in the transaction.

First, the defendant contends the evidence was insufficient to support her conviction of grand larceny.[1] When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "The issue on appeal is whether '*any* rational trier of fact could have found

---

[1] Defendant's brief asserts that a fatal variance existed between the grand larceny indictment and the Commonwealth's evidence at trial. This issue was not raised at trial and not stated as a question presented in the petition for appeal. "Only questions presented in the petition for appeal will be noticed by the Court of Appeals." Rule 5A:12(c). We will not consider this claim on appeal because this Court did not grant appellate review of any question presented that addressed fatal variance. See Gregory v. Commonwealth, 46 Va. App. 683, 694, 621 S.E.2d 162, 168 (2005).

the essential elements of the crime beyond a reasonable doubt.'" Bolden v. Commonwealth, 49

Va. App. 285, 292, 640 S.E.2d 526, 530 (2007) (quoting Haskins v. Commonwealth, 44

Va. App. 1, 7-8, 602 S.E.2d 402, 405 (2004)), aff'd, 275 Va. 144, 654 S.E.2d 584, cert. denied,

129 S. Ct. 284 (2008).

A person who steals a check is "deemed guilty of larceny" and shall be punished

according to the value of the check, which is the "money due" on the check. Code § 18.2-98.[2]

By enacting this statute, the General Assembly has deemed the theft of a check to be larceny, and

the "value of the article stolen" is determined by the "money due" on the check.

Undisputed evidence proved the defendant took a check that was payable to the husband,

endorsed his name to the check, and deposited it to her personal account. While the defendant

claims she had permission and acted under a claim of right, the trial court rejected her evidence

and her claim of right defense. The trial court credited the husband's testimony that he did not

authorize the defendant to endorse the check and deposit it into her account.

---

[2] Code § 18.2-98 provides:

> If any person *steal any* bank note, *check*, or other writing or paper
> of value, whether the same represents money and passes as
> currency, or otherwise, or any book of accounts, for or concerning
> money or goods due or to be delivered, *he shall be deemed guilty*
> *of larceny thereof, and receive the same punishment, according to*
> *the value of the thing stolen, prescribed for the punishment of the*
> *larceny of goods and chattels.* The provisions of this section shall
> be construed to embrace all bank notes and papers of value
> representing money and passing as currency, whether the same be
> the issue of this Commonwealth or any other state, or of the United
> States, or of any corporation, and shall include all other papers of
> value, of whatever description. In a prosecution under this section,
> the *money due* on or secured by the writing, paper or book, and
> remaining unsatisfied, or which in any event might be collected
> thereon, or the value of the property or money affected thereby,
> *shall be deemed to be the value of the article stolen.*

(Emphasis added).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial court was entitled to conclude the defendant did not act with permission or pursuant to a good faith claim of right. Thus it could conclude that she was guilty of grand larceny of the check.[3]

The defendant also challenges the sufficiency of the evidence to support her conviction of uttering. The offense of uttering is defined as "'an assertion by word or action that a writing known to be forged is good and valid.'" Oliver v. Commonwealth, 35 Va. App. 286, 295, 544 S.E.2d 870, 875 (2001) (quoting Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964)). See also Code § 18.2-172.

The defendant again relies upon her claim that the husband authorized her to negotiate the check. However, the trial court rejected the defendant's claim and concluded the defendant deposited the check knowing the husband had not given her permission to do so. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991) (fact finder is authorized to resolve any conflicts in the evidence). Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that the defendant was guilty of uttering.

The defendant next contends the trial court erred by rejecting competent evidence that she presented to dispute the husband's testimony. However, "[m]erely because [the defendant's] theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with [her] innocence has not been excluded. What weight should be given evidence is a matter for the [fact finder] to decide." Miles v. Commonwealth,

---

[3] The defendant stresses that Gardner v. Commonwealth, 262 Va. 18, 546 S.E.2d 686 (2001), controls. However, Gardner dealt with a charge of larceny by false pretenses. The evidence showed the defendant had obtained cash from a bank by presenting a forged withdrawal slip. The case did not involve a check, or apply or even mention Code § 18.2-98.

205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). "'Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (quoting Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997)). The trial court's decision to credit the husband's testimony and find the defendant guilty of the offenses was not plainly wrong.

Finally, the defendant asserts the trial court erred by denying her motion to reopen the case and present after-discovered evidence. More than six months after the trial but before sentencing, the defendant moved to reopen the case. She contended she had obtained new evidence by subpoena issued after trial that contradicted the husband's testimony that he was unaware of when the settlement check was expected to arrive.

At a hearing on the motion, the defendant's attorney explained, "[W]e sent a subpoena off just fishing, and they came back and said, lo and behold, we do keep these records." The trial court asked why the defendant did not "fish before trial," and defense counsel replied, "[W]e didn't see any point because we were working on other things." The trial court denied the defendant's motion to reopen her case.

"Whether to reopen a case lies within the sound discretion of the trial judge." Minor v Commonwealth, 16 Va. App. 803, 805, 433 S.E.2d 39, 40 (1993). "'[U]nless it affirmatively appears that this discretion has been abused this court will not disturb the trial court's ruling thereon.'" Id. (quoting Mundy v. Commonwealth, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933)).

> A party who seeks a new trial based upon after-discovered evidence "bears the burden to establish that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and

such as should produce opposite results on the merits at another trial."

Commonwealth v. Tweed, 264 Va. 524, 528-29, 570 S.E.2d 797, 800 (2002) (quoting Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387 (1984)).  "The moving party must establish each of these mandatory criteria."  Id. at 529, 570 S.E.2d at 800.

The defendant had ample opportunity to obtain the evidence prior to trial.  Clearly the evidence existed before trial and could have been obtained for trial.  The trial court was not required to allow the introduction of further evidence because the defendant had assumed the evidence did not exist and was surprised after the trial to learn that it may have existed.  The trial court did not abuse its discretion by denying the motion to reopen the case.

We conclude the trial court did not err in convicting the defendant of grand larceny and uttering a forged check.  Accordingly, we affirm the convictions.

Affirmed.