COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


MICHAEL TYRONE MORGAN
                                                        OPINION BY
v.        Record No. 1408-11-1        JUDGE JEAN HARRISON CLEMENTS
                                                     OCTOBER 23, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

Kathleen A. Ortiz, Public Defender, for appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


In a bench trial, Michael Tyrone Morgan (appellant) was convicted of possessing with the

intent to distribute more than five pounds of marijuana in violation of Code § 18.2-248.1, and

simultaneously possessing a firearm and more than one pound of marijuana in violation of Code

§ 18.2-308.4.  On appeal, appellant argues the trial court erred in admitting into evidence the

certificates of analysis pertaining to the drugs and firearm seized by the police.  He contends

admission of the certificates violated his Sixth Amendment right to confront the evidence against

him.  Appellant also alleges the trial court abused its discretion in permitting the Commonwealth

to reopen its case, in the wake of the decision of the United States Supreme Court in

Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), and introduce the testimony of the two

analysts who produced the certificates of analysis.  Finding no error on the part of the trial court,

we affirm appellant's convictions.

FACTS AND PROCEDURAL HISTORY

On March 5, 2009, the parties appeared in the trial court for a hearing on appellant's motion to suppress the evidence and trial upon indictments charging him with possessing more than five pounds of marijuana and simultaneously possessing a firearm and more than one pound of marijuana.[1]  Appellant was tried jointly with Shanyetta Riddick upon identical charges.

At trial, the Commonwealth moved to admit into evidence two certificates of analysis.  In the first certificate, forensic scientist Amanda Pau certified that the substance she analyzed was marijuana.  She also provided the weight of the marijuana submitted to her.  In the second certificate, forensic scientist Julianna Price[2] certified her findings regarding a firearm and ammunition submitted to her for testing with relation to appellant's case.  Pau and Price were not present at trial, and appellant had not subpoenaed them to appear.[3]  Appellant objected to the admission of the certificates of analysis, arguing that their admission in the absence of an opportunity for cross-examination of Pau and Price violated his Sixth Amendment right to

---

[1] This Court denied the portion of appellant's petition for appeal relating to the trial court's denial of his motion to suppress.

[2] During subsequent proceedings in the case, Price testified under the name Julianna Red Leaf, and indicated Price was her maiden name.  For purposes of clarity in this opinion, we refer to her as Julianna Price, the name that appears on the certificate of analysis.

[3] At the time of the March 5, 2009 proceeding, former Code § 19.2-187.1 provided the mechanism for an accused to question as an adverse witness the person who performed the analysis memorialized in a certificate of analysis.  The statute stated:

> The accused in any hearing or trial in which a certificate of analysis is admitted into evidence pursuant to § 19.2-187 or § 19.2-187.01 shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness.  Such witness shall be summoned and appear at the cost of the Commonwealth.

confrontation and the ruling of the United States Supreme Court in Crawford v. Washington, 541

U.S. 36, 68 (2004) (holding that the admission of "testimonial" hearsay evidence violates the

Confrontation Clause of the Sixth Amendment unless the declarant is unavailable to testify at

trial and the defendant has had a "prior opportunity for cross-examination" of that declarant).

Appellant acknowledged that, at the time, Virginia law on the matter was controlled by the

decision of the Supreme Court of Virginia in Magruder v. Commonwealth, 275 Va. 283, 657

S.E.2d 113 (2008), vacated and remanded sub nom. Briscoe v. Virginia, 130 S. Ct. 1316 (2010),

aff'd in part, rev'd in part sub nom. Cypress v. Commonwealth, 280 Va. 305, 699 S.E.2d 206

(2010). In Magruder, the Court held the defendants waived their rights to object to certificates of

analysis on confrontation grounds because they had failed to employ the statutory procedure set

forth in former Code § 19.2-187.1 to secure the presence at trial of the analysts who produced the

certificates. Id. at 305, 657 S.E.2d at 124. Appellant also made vague reference to a case

pending in the United States Supreme Court, presumably Melendez-Diaz, stating the decision in

that case "may well bear upon . . . the correctness of the Virginia Supreme Court's ruling." The

trial court overruled appellant's objection and admitted the two certificates. At the conclusion of

the proceedings, the trial court found appellant and Riddick guilty of the charged offenses, and

set a July 2009 sentencing date.

On June 25, 2009, the United States Supreme Court rendered its decision in

Melendez-Diaz. In that case, the Court held

> that the contents of the certificates of analysis at issue were
> testimonial in nature in accordance with its earlier decision in
> Crawford, 541 U.S. at 36. Thus, the analysts whose conclusions
> were memorialized in the certificates were "'witnesses' for the
> purposes of the Sixth Amendment. Absent a showing that the
> analysts were unavailable to testify at trial and that the [defendant]
> had a prior opportunity to cross-examine them, [the defendant] was
> entitled to 'be confronted with' the analysts at trial."

[Melendez-Diaz, 557 U.S. at 311] (quoting Crawford, 541 U.S. at 54). . . .

Grant v. Commonwealth, 54 Va. App. 714, 720-21, 682 S.E.2d 84, 87 (2009).

On September 9, 2009, appellant filed a motion to reconsider the findings of guilt in light of Melendez-Diaz. Appellant argued that under the Melendez-Diaz holding, admission of the certificates of analysis at trial was error, and the indictments against him should be dismissed. The Commonwealth responded that Magruder remained good law in Virginia, and the trial court had not erred in admitting the certificates.

A hearing was held upon appellant's motion on October 16, 2009. At that time, the United States Supreme Court had granted a writ of certiorari to the Magruder decision under the name Briscoe v. Virginia.[4] Although also requesting dismissal of the indictments against him, appellant agreed that an appropriate alternative would be to continue the case until the Briscoe matter was concluded. The Commonwealth moved to reopen its evidence in the case, and the trial court stated it would allow the Commonwealth to do so.

On September 16, 2010, the Virginia Supreme Court found in Cypress that, pursuant to Melendez-Diaz, a certificate of analysis is "testimonial" evidence for which the Sixth Amendment required an opportunity for confrontation. Cypress, 280 Va. at 314-15, 699 S.E.2d at 211. Moreover, the Court also found that the mechanism provided in former Code § 19.2-187.1 did not adequately safeguard the defendants' Sixth Amendment rights, and failure

---

[4] The Virginia Supreme Court's decision in Magruder resolved consolidated appeals on the same issue raised by defendants Magruder, Briscoe, and Cypress. On June 29, 2009, the United States Supreme Court granted a writ of certiorari to the Virginia Supreme Court's decision upon the petition of Briscoe and Cypress. See Briscoe v. Virginia, 557 U.S. 933 (2009). On January 25, 2010, the United States Supreme Court vacated the decision of the Virginia Supreme Court and remanded it for proceedings not inconsistent with the decision in Melendez-Diaz. See Briscoe v. Virginia, 130 S. Ct. 1316 (2010). The Virginia Supreme Court ultimately reversed its holding in Magruder that the defendants sustained no violation of their Sixth Amendment rights. See Cypress v. Commonwealth, 280 Va. 305, 699 S.E.2d 206 (2010).

to utilize that procedure did not result in a waiver of those rights. Id. at 317-18, 699 S.E.2d at 213.

After a series of continuances, appellant's trial recommenced on March 24, 2011.[5] At that hearing, both Pau and Price appeared as witnesses for the Commonwealth and testified regarding the findings contained in the certificates of analysis. Appellant conducted cross-examination of both Pau and Price. At the conclusion of the trial, the trial court found appellant guilty of the charged offenses, but acquitted Riddick.

## ANALYSIS

It has long been noted that a criminal defendant "'is entitled to a fair trial but not a perfect one,' for there are no perfect trials." Kirby v. Commonwealth, 50 Va. App. 691, 698, 653 S.E.2d 600, 604 (2007) (quoting Brown v. United States, 411 U.S. 223, 231-32 (1973)). Upon consideration of the two issues raised in this appeal, we find that the trial court committed no reversible error in this case. In fact, we find that the trial court took commendable measures to protect appellant's constitutional right to confrontation and ensure that he received a fair, although perhaps not perfect, trial in the midst of rapidly evolving jurisprudence governing Confrontation Clause issues.

As discussed above, at the time of the March 24, 2009 hearing, prevailing Virginia law dictated that the certificates of analysis signed by Price and Pau were admissible. See Magruder, 275 Va. at 307, 657 S.E.2d at 126. Appellant had not utilized the procedure contained in former Code § 19.2-187.1 to obtain the presence of the two analysts. Thus, according to the holding in Magruder, appellant waived his Sixth Amendment objection to the admission of the certificates. While maintaining his objection to the admission of the certificates, appellant acknowledged that

---

[5] The record reflects that continuances from December 21, 2009 through September 7, 2010 were granted upon appellant's motions to delay pending further development in Briscoe.

the Virginia Supreme Court's holding in <u>Magruder</u> was dispositive. The trial court was obligated to conform its ruling on the admissibility of the certificates to then-existing law. <u>See</u> <u>Judicial Inquiry and Review Comm'n v. Lewis</u>, 264 Va. 401, 406, 568 S.E.2d 687, 690 (2002) ("Public confidence in the judiciary and the administration of our legal system depends upon faithful adherence to the law, an essential part of which is embodied in the judgments and rulings of higher courts.").

Three months after the initial evidentiary hearing, while appellant was awaiting sentencing, the legal environment regarding the issue changed with the United States Supreme Court's decision in <u>Melendez-Diaz</u>. <u>Melendez-Diaz</u> settled the question left open in <u>Magruder</u>, 275 Va. at 295, 657 S.E.2d at 118, and held that certificates of analysis constituted "testimonial" hearsay evidence in the context of the Sixth Amendment. <u>Melendez-Diaz</u>, 557 U.S. at 311.

Appellant requested reconsideration of admission of the certificates in the light of <u>Melendez-Diaz</u>. Although the trial court did not grant appellant's motion to dismiss the indictments against him, the judge did take measures to protect appellant's Sixth Amendment confrontation right. Following delay of the proceedings for resolution of <u>Briscoe</u>, to which appellant agreed, the trial court then permitted the Commonwealth to reopen the evidence and produce the testimony of the analysts, making them available for cross-examination by appellant. The trial court's decision thus provided appellant with what he requested in the first instance: an opportunity to exercise his Sixth Amendment right to confront the evidence.

"Whether to reopen a case lies within the sound discretion of the trial judge." <u>Minor v.</u> <u>Commonwealth</u>, 16 Va. App. 803, 805, 433 S.E.2d 39, 40 (1993). "'[U]nless it affirmatively appears that this discretion has been abused this court will not disturb the trial court's ruling thereon.'" <u>Id.</u> (quoting <u>Mundy v. Commonwealth</u>, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933)). We find no abuse of discretion in the trial court's ruling to reopen the evidence in light

of the development in the prevailing law following the initial evidentiary hearing, the fact that the case remained within the breast of the trial court, and the ready availability of a remedy that both protected appellant's constitutional right and avoided a possible reversal of the ruling on appeal.

Accordingly, we find no error or abuse of discretion in the trial court's rulings, and we do not disturb appellant's convictions.

Affirmed.