UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


DEBORAH MARIE COLLINS

MEMORANDUM OPINION[*] BY
v.        Record No. 0862-12-4          JUDGE WILLIAM G. PETTY
                                         JANUARY 22, 2013

MICHAEL JOSEPH COLLINS


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
John E. Wetsel, Jr., Judge

Marilyn Ann Solomon (Law Firm of Marilyn Ann Solomon, on
brief), for appellant.

Michael Joseph Collins, *pro se*.


Deborah Collins ("wife") appeals the trial court's final divorce decree, which granted her

a divorce from Michael Collins ("husband"). On appeal, wife assigns the following errors to the

trial court: (1) the trial court erred by allowing multiple trials on the merits; (2) the trial court

erred in its equitable distribution of the parties' assets; (3) the trial court erred by awarding wife

attorney's fees in an amount less than what she asked for; and (4) the trial court erred in

calculating the amount and length of spousal support. For the reasons stated below, we affirm in

part and reverse in part and remand this case for further proceedings consistent with this opinon.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)). "On interpretations of the law as it applies to [the evidence], however, we review the trial court's ruling *de novo* . . . ." Lewis v. Lewis, 53 Va. App. 528, 536, 673 S.E.2d 888, 892 (2009).

## II.

### A.  Multiple Trials

Wife first argues that the trial court erred in holding multiple trials.  Specifically, wife argues that the trial court abused its discretion "by holding multiple trials after holding a full and fair trial on September 30, 2011."

On October 6, 2011, the trial court issued Findings of Fact and Conclusions of Law based on the September 30, 2011 hearing.  Both wife and husband filed motions to reconsider.  As a pre-condition to hearing husband's motion, the trial court ordered him to have a full audit of his business by a Certified Public Accountant.  On January 3, 2012, the trial court heard arguments on the motions.  At the hearing, the trial court ordered husband's CPA to complete the audit of husband's income and expenses for his business for the years 2010 and 2011.  At the end of that hearing, the trial court granted a continuance until the audit was complete.  On March 8, 2012, the trial court heard testimony from husband's CPA.  On March 15, 2012, the trial court entered an order with supplemental findings of fact and conclusions of law.

"After a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988)

(alteration in original) (quoting Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)). A rehearing will be granted if a petitioner demonstrates either "'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Id. (quoting Downing v. Huston, Parbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)). However, the decision "'to reopen a case lies within the sound discretion of the trial judge.'" Morgan v. Commonwealth, 61 Va. App. 58, 65, 733 S.E.2d 151, 154 (2012) (quoting Minor v. Commonwealth, 16 Va. App. 803, 805, 433 S.E.2d 39, 40 (1993)). "'[U]nless it affirmatively appears that this discretion has been abused, this court will not disturb the trial court's ruling thereon.'" Id. (quoting Minor, 16 Va. App. at 805, 433 S.E.2d at 40).

Wife argues that there is no authority that allows a trial court to reopen a non-jury case after there has already been a "full and fair trial." However, this Court recently approved of the reopening of evidence in a non-jury case. See id. In Morgan, the defendant was convicted, in a bench trial, of possessing marijuana with the intent to distribute. At trial, two certificates of analysis pertaining to the drugs and a firearm were admitted without testimony from the analysts who produced the certificates. A few months after trial, the United States Supreme Court held such certificates to be inadmissible. Morgan then filed a motion to reconsider, arguing that the case should be dismissed because the admission of the certificates at trial was in error. In response, the Commonwealth moved to reopen the evidence in the case. The trial court granted the Commonwealth's motion and allowed the preparer of the certificate of analysis to testify. On appeal, this Court held that the trial court did not abuse its discretion in reopening the evidence. Id. at 59-65, 733 S.E.2d at 152-54. This holding relied, in part, on "the fact that the case remained within the breast of the trial court." Id. at 65, 733 S.E.2d at 154.

Here, in its March 15, 2012 order, the trial court noted that "[s]ubstantial evidence has now been produced, which was either not produced or not available at the earlier trial, so that the Court amends its October 6, 2011, Findings of Fact and Conclusion[s] of [L]aw." The trial court went on to say that "[t]his shifting sea of facts has greatly compounded the resolution of this case, and the Court is going to modify its earlier findings and conclusions based on this new evidence." In Morgan, developments in the prevailing law allowed the reopening of the evidence in the case. Here, developments in the evidence, which demonstrated that there was an error on the face of the record, allowed the reopening of the evidence in the case. Because the case remained within the breast of the trial court, and there was an error on the face of the record, the trial court was free to reopen the evidence. Therefore, we hold that the trial court did not abuse its discretion in granting the motions to reconsider and hearing further evidence.

### B. Equitable Distribution

Wife next argues that the trial court erred in its equitable distribution of the parties' assets. We agree.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Accordingly, we will not reverse an award "[u]nless it appears from the record that the [trial court] has abused [its] discretion, . . . has not considered or misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

"In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code

§ 20-107.3(E)." Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d 809, 812, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). Regarding valuation of property, "[t]he burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). Specifically, the burden of proof on valuation of property is on the party that moves for equitable distribution. See Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987).

Nevertheless, where there is sufficient, credible evidence on the value of a business, a trial court is required to assign a value to the business in making its equitable distribution award. Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Family Law: Theory, Practice, and Forms § 11-25, at 776 (2012 ed.) (citing Taylor v. Taylor, 5 Va. App. 436, 443-44, 364 S.E.2d 244, 248-49 (1988)). Here, the trial court properly classified the business, AVConcepts LLC, as martial property. However, the trial court did not assign a value to the business even though wife presented sufficient, credible evidence on its value.

The evidence indicates—and the trial court found in its March 15, 2012 supplemental findings of fact and conclusions of law—that AVConcepts had a gross income of $846,499 in 2011 and a gross income of $715,283 in 2010.[1] Assuredly, a business that has gross income can be valued.

Indeed, in Bosserman, we acknowledged that there is no rigid, set approach to the valuation of a business; instead, the courts have adopted a flexible approach that should be tailored to the specific circumstances of each case. 9 Va. App. at 6, 384 S.E.2d at 107. In valuing the business, a trial court "must determine from the evidence that value which represents

---

[1] The evidence further indicated that husband treated AVConcepts as his alter ego by paying personal expenses from the business accounts. In 2010, husband withdrew $109,792.63 in personal expenses. In 2011, husband withdrew $110,463.25 in personal expenses. Even with these personal expenses, the business neither operated at a loss nor incurred debt.

the [business'] intrinsic worth to the parties." Id. In Bosserman, we approved the use of the factors outlined in Internal Revenue Service Revenue Ruling 59-60 as a guide in the business valuation process:

> "[M]ost experts and courts have used the IRS's Revenue Ruling 59-60 as the guide in valuing the close corporation. The goal is to arrive at a fair market value for a stock for which there is no market. To do this, the IRS recommends that 'all available financial data, as well as all relevant factors affecting the fair market value, should be considered . . . .'
> Among the factors listed in the Ruling as 'fundamental and requir[ing] careful analysis' are the history of the firm, the nature of the company, the outlook for the industry, the book value of the stock, the size of the block to be valued, *the earning and dividend-paying capacities of the company, and the existence of goodwill or other intangible assets*. Generally, greater weight will be given to earnings factors for those companies that sell products or services, and to asset values for investment or holding companies . . . .
> The Ruling warns against an inflexible approach to valuing. Methods such as taking an average of several factors are disapproved. However, restrictive arrangements, such as buy-sell agreements, may be used, along as with other factors, to arrive at the value of the stock."

Id. at 9 n.1, 384 S.E.2d at 109 n.1 (emphasis added) (quoting Bowen v. Bowen, 473 A.2d 73, 77 (N.J. 1984)).[2]

Based on the record before us, it is apparent that the husband's business, AVConcepts LLC, is a marital asset that can be assigned a monetary value.[3] The trial court did not do so. Therefore, we hold that the trial court erred in not assigning a value to the business and not including it in the equitable distribution of the marital estate. Accordingly, we reverse and

---

[2] "Goodwill has been defined as 'the increased value of the business, over and above the value of its assets, that results from the expectation of continued public patronage.'" Russell v. Russell, 11 Va. App. 411, 415, 399 S.E.2d 166, 168 (1990) (quoting J. Thomas Oldham, Divorce, Separation and the Distribution of Property § 10.03, at 10-20 (1989)).

[3] For further guidance on the valuation of a business, see generally Brett R. Turner, 2 Equitable Distribution of Property §§ 7:19–7:29 (3d 2005).

remand to the trial court with instructions to assign a value to the business as of the previously established date of valuation[4] and then distribute it to the parties.[5]

## C. Attorney's Fees

Wife next argues that the trial court erred in limiting the amount of attorney's fees that she was awarded. Specifically, wife argues that the trial court promised to pay her attorney's fees associated with the additional hearing on the motions to reconsider. We disagree.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Further, "A trial court is not unmindful of the usual charges within its jurisdiction, and when viewed in the light of the circumstances of a particular case, a relatively modest award may be found to be reasonable." Id.

Here, wife was awarded attorney's fees in the amount of $39,500. Wife argues that she should have been awarded an additional $32,500 in attorney's fees for the additional hearing on the motions to reconsider. Wife, in advancing her argument, ignores a critically important word used by the trial court when it told wife she would be entitled to attorney's fees. The trial court

---

[4] Although not expressly stated, it appears that the trial court granted the wife's motion to use a date other than the date of trial for purposes of valuing the assets, and set the date of separation as the relevant date.

[5] After assigning a value to the business, the trial court must equitably distribute the remaining marital property in accordance with Code § 20-107.3(E). Husband admitted at oral argument that the bank accounts were business accounts. To the extent that the accounts are business accounts, they are to be included in the valuation of the business. To the extent that the accounts are personal accounts, they are to be distributed with the personal property of the parties.

said that wife would be entitled to *reasonable* attorney's fees. In determining the amount of attorney's fees, the trial court comprehensively discussed the reasonableness factors in Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998).

> In determining whether a party has established a *prima facie* case of reasonableness, a fact finder may consider, *inter alia*, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

Id. After discussing these factors, the trial court determined that $39,500 in attorney's fees was reasonable. In reviewing the record, and considering the circumstances of this case, we hold that the trial court did not abuse its discretion in setting the amount of attorney's fees.

### D. Spousal Support

Wife next argues that the trial court erred in calculating the amount and length of spousal support. Based on our holding in Part B of this opinion, we reverse and remand with instructions that the trial court recalculate the spousal support award.

In awarding spousal support, the trial court is required to consider all the factors enumerated in Code § 20-107.1(E). Factor eight of Code § 20-107.1(E) requires the trial court to consider "[t]he provisions made with regard to the marital property under § 20-107.3." Therefore, the trial court must necessarily re-examine the spousal support award in light of the valuation of the business. See Robinette v. Robinette, 4 Va. App. 123, 131, 354 S.E.2d 808, 812 (1987) (holding that when the disposition of marital property is to be considered on remand, the trial court must necessarily re-examine the spousal support award).

III.

For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>